IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | CASE NO. 24-10120-smr | |
| TEXAS REIT LLC § | | |
| § | CHAPTER 11 | |
| DEBTOR § | | |
| § | | |
| § | | |
| GEORGE LEE, § | | |
| *Plaintiff* § | ADVERSARY PROC. | |
| § | | |
| vs. § | | |
| § | NO. _____ | |
| TEXAS REIT LLC and § | | |
| ALI CHOUDHRI § | | |
| *Defendants*. | | |

**ADVERSARY COMPLAINT**

COMES NOW George M. Lee ("Plaintiff" or "Mr. Lee") who files this Adversary Complaint (the "Complaint") against Texas REIT LLC ("Debtor") and Ali Choudhri ("Choudhri") (Debtor and Choudhri collectively referred to herein as the "Defendants") asking this Court to hold that Debtor is the ego of Choudhri for the purposes of enforcement of a judgment against Choudhri, and in support thereof would respectfully show the Court as follows:

**I.  Summary of Adversary Proceeding**

1.  Plaintiff, a judgment creditor of Choudhri, allegedly the sole member and owner of the Debtor, files this adversary proceeding seeking a judicial determination that Debtor is merely the alter ego of Choudhri used to perpetrate a fraud and impermissibly hide assets from Plaintiff and other judgment creditors.

**II.  Jurisdiction and Venue**

2.  This adversary proceeding is initiated pursuant to FED. R. BANKR. P. 7001.

1

3. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (K), and (O).

4. Venue is proper under 28 U.S.C. § 1409 as this adversary proceeding arises in or relates to this Chapter 11 case.

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157, 1334, and 11 U.S.C. § 105.

6. Plaintiff consents to the entry of final orders or judgments by this Court with respect to this Complaint if it is determined that the court, absent consent of the parties, cannot enter final orders or judgments consistent with Article II of the United States Constitution.

### III. Parties

6. George M. Lee is an individual residing in Harris County, Texas and may be served through his attorneys of record, Sponsel Miller Greenberg PLLC, Thane Tyler Sponsel III, 50 Briar Hollow Lane, Suite 370 West, Houston, Texas 77027.

7. Defendant Ali Choudhri is an individual residing in Harris County, Texas, and may be served at his place of business located at 2500 West Loop South, Suite 255, Houston, Texas 77027, or wherever he may be found.

8. Defendant Texas REIT LLC is a Texas limited liability corporation both owning property and conducting business in the State of Texas and is the subject of the present bankruptcy proceeding. This entity may be served through its registered agent for service of process, Legal Registered Agent Services, Inc., located at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

### IV. Factual Background

9. On or about January 31, 2024, the 152nd Judicial District Court of Harris County, Texas granted a judgment in favor of Plaintiff against Choudhri the amount of $6,724,402.62, as

well as $143,057.49 in attorneys' fees and post-judgment interest of 8.5% (the "Judgment"). A copy of the Judgment is attached hereto as Exhibit A.

10. The Judgment became final on or about May 15, 2024. While the Judgment is currently on appeal, as of the date of this pleading, no supersedeas bond or other suspension of judgment has been granted and/or is in place.

11. On or about June 3, 2008, the real property located at 8050 – 8098 Westheimer Road, Houston, Texas 77063, colloquially known as Jetall Plaza ("Jetall Plaza") was acquired by Debtor.[1] According to the Texas Franchise Tax Public Information Report for 2023, Debtor is an entity that is wholly owned and managed by Choudhri.[2] Indeed, in the schedules for the Debtor in the present bankruptcy, Choudhri has claimed that he is the sole member and owns 100% of the Debtor.[3]

12. On or about May 28, 2018, an entity known as Dalio Holdings I, LLC ("Dalio") acquired Jetall Plaza from Debtor through a trustee's foreclosure deed.[4] However, on or about August 28, 2018, Dalio and Debtor agreed to rescind the May 28, 2018 foreclosure sale in a document filed in 2021, three years after the alleged sale.[5] Notably, in this August 28, 2018 recission, Choudhri signed as the authorized agent for Dalio as well as for Debtor. That same day, Debtor agreed in an Extension of Deed of Trust Liens and Notice of Loan Modification Agreement to forbear on foreclosure pursuant to a certain Forbearance and Loan Modification Agreement.[6]

---

[1] *See* Exhibit B, June 3, 2008 Special Warranty Deed conveying Jetall Plaza to Debtor.
[2] *See* Exhibit D, Texas Franchise Tax Public Information Report for 2023 for Debtor.
[3] ECF No. 28, p. 41.
[4] A copy of the July 3, 2018 Substitute Trustee's Deed is attached hereto as Exhibit C.
[5] *See* Recission of Foreclosure Sale and Cancellation of Trustee's Deed dated August 28, 2018, attached hereto as Exhibit E.
[6] A copy of the August 28, 2018 Extension of Deed of Trust Liens and Notice of Loan Modification Agreement is attached hereto as Exhibit F.

Again, as with the rescission of the foreclosure sale, the August 28, 2018 Extension of Deed of Trust Liens and Notice of Loan Modification Agreement was signed by Choudhri both on behalf of Dalio and Debtor.

13. The last document in the Real Property Records of Harris County, Texas related to Jetall Plaza is an August 28, 2020 Recission of Foreclosure Sale and Cancellation of Trustee's Deed.[7] This transaction, between Dalio and Dalio Holdings II, LLC, is again signed twice by Choudhri, once on behalf of Dalio and once on behalf of Dalio Holdings II, LLC.

14. On February 6, 2024, just days after the entry of the Judgment, Choudhri caused the present bankruptcy case to be filed, placing Debtor into bankruptcy with active knowledge of Plaintiff's judgment for, *inter alia*, the purpose of preventing Plaintiff from enforcing the Judgment against the Jetall Plaza property.

## V. Causes of Action

### A. Count 1 - Enforcement of Judgment against Alter Ego

15. Texas law provides an independent cause of action by a judgment creditor seeking to enforce that judgment against a third party in a second suit under an alter ego theory. *In re GTG Solutions, Inc.*, 642 S.W.3d 41, 46-47 (Tex. App.—El Paso 2021) ("[W]hile courts have sometimes stated that the mere fact that a corporation operates as an alter ego does not give rise to a separate and independent cause of action, a party may assert an alter ego theory against a third party in a second suit to collect a judgment."); *see also Matthews Constr. Co. v. Rosen,* 796 S.W.2d 692, 693 (Tex. 1990) (holding that a second suit to establish a judgment debt against an alter ego is proper); *In re Trammell*, 246 S.W.3d 815, 822-23 (Tex. App.—Dallas 2008, orig. proceeding).

---

[7] A copy of the August 28, 2020 Recission of Foreclosure Sale and Cancellation of Trustee's Deed is attached hereto as Exhibit G.

16. An action to enforce a judgment based upon alter ego theory "does not require relitigation of [the underlying] claim." *Am Star Energy & Minerals Corp. v. Stowers*, 457 S.W.3d 427, 434 (Tex. 2015). Rather, the only issues to be determined in such an action are" (whether an underlying judgment exists; and (2) whether the corporate entity should be disregarded and the individuals held liable. *Id.*

17. Here, there is no question that the first element of this cause of action is met. There is an underlying judgment by Plaintiff against Choudhri in the amount of $6,724,402.62, as well as $143,057.49 in attorneys' fees and post-judgment interest of 8.5%. *See* Exhibit A.

18. The second element of this claim requires a showing that a corporate entity should be disregarded as an alter ego of Choudhri. The alter ego doctrine, or "reverse veil piercing" in the present case, allows for the owner of a corporate entity to be held personally liable if the movant demonstrates that: (1) the corporation is organized and operated as a mere tool or business conduit of another; and (2) there is such "unity between the corporation and the individual that the separateness of the corporation has ceased to exist." *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 454-55 (Tex. 2008).

19. In determining whether or not a given corporation meets the above criterium, courts look to multiple factors, including the total dealings of the corporation and individual, the degree that corporate formalities have been followed and corporate and individual property have been kept separately, the amount of financial interest, ownership, and control the individual maintains over the corporation, and whether the corporation has been used for personal purposes. *Castleberry v. Branscum*, 721 S.W.2d 270, 271 (Tex. 1986) (elements of alter ego).

20. In the present case, Debtor is wholly owned, managed, and operated by one person – Defendant Ali Choudhri. He exerts complete and total control over Debtor, is the sole owner of

5

that entity, and allegedly holds the entirety of financial interest in the entity. While he has maintained the registration of Debtor, Choudhri has failed to follow other corporate formalities that are typically seen in such an LLC. Choudhri has signed for transactions on behalf of Debtor as related to Jetall Plaza.

21. This allegation that Debtor is the alter ego of Choudhri is further supported by the transactions associated with the Jetall Plaza. Like with Debtor, Choudhri consistently signs documents as both the registered agent of Dalio and Debtor in transactions between the two entities, as well as with Dalio Holdings II, LLC. It is clear based upon the exhibits attached here that these corporate entities are merely shells and alter egos of Choudhri for the purpose of facilitating fraudulent real estate transactions and hiding assets from his numerous creditors.

22. Therefore, the facts presented herein show that Debtor is the alter ego of Choudhri, created to hide and sequester his assets from Plaintiff and other judgment creditors. Therefore, in addition to the forgoing badges of fraud, it is clear that Debtor has been used for the specific intent and purpose of hiding and sequestering Choudhri's assets from judgment creditors, and thus is part of a scheme to perpetrate a fraud.

23. For the forgoing reasons, the corporate facade of Debtor should be pierced for the purposes of allowing Plaintiff to enforce the Judgment against Choudhri.

B. Count 2 – Declaratory Relief under 28 U.S.C. § 2201.

24. Plaintiff incorporates the factual allegations and evidence contained in the forgoing paragraphs as if quoted verbatim herein.

25. Additionally, and/or in the alternate, Plaintiff seeks a judicial determination that Debtor is the alter ego of Choudhri.

26. 28 U.S.C. § 2201 provides a Court to declare the rights or other legal relations of any interested party seeking such declaration in the case of actual controversy regarding said rights within a Court's jurisdiction.

27. Therefore, for the reasons previously articulated in this Complaint, Plaintiff requests that the Court determine and declare that Debtor is the alter ego of Choudhri for the purposes of enforcing the Judgment against Choudhri pursuant to 28 U.S.C. § 2201.

## VI. Conditions Precedent

28. All conditions precedent to Plaintiff's claim for relief have been performed or occurred.

## VII. Request for Costs and Attorneys' Fees

29. Plaintiff requests that he be awarded all costs and reasonable and necessary attorneys' fees incurred in bringing the present action as are equitable and just under TEX. CIV. PRAC. & REM CODE § 37.009 and § 38.001.

## Prayer

Therefore, for the forgoing reasons, Plaintiff prays that this Court: (i) after proper service, notice and hearing, hold that Defendant Texas REIT LLC is the alter ego of Defendant Ali Choudhri for the purposes of enforcement of Plaintiff's Judgment against Defendant Ali Choudhri; (iii) additionally, and/or in the alternate, hold that hold that Defendant Texas REIT LLC is the alter ego of Defendant Ali Choudhri for the purposes of enforcement of Plaintiff's Judgment against Defendant Ali Choudhri pursuant to 28 U.S.C. § 2201; (iii) award Plaintiff all costs of court and reasonable and necessary attorneys' fees as the Court deems just and equitable; and (iv) afford Plaintiff any other relief to which he may be entitled to at law or in equity.

Respectfully submitted,

**SPONSEL MILLER GREENBERG PLLC**

*/s/ Thane T. Sponsel III*
Thane Tyler Sponsel III (TBN: 24056361)
Allen B. Landon (TBN: 24091870)
Zachary A. Clark (TBN: 24097502)
50 Briar Hollow Lane, Suite 370 West
Houston, Texas 77027
(713) 892-5400 Telephone
(713) 892-5401 Facsimile
sponsel@smglawgroup.com
allen.landon@smglawgroup.com
zachary.clark@smglawgroup.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2024, I electronically filed the above and foregoing Adversary Complaint with the Clerk of the Court using the CM/ECF system, which transmitted notice of the filing to all counsel of record.

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III