**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 24-10120-smr |
| TEXAS REIT, LLC § | |
| § | CHAPTER 11 |
| DEBTOR. § | |

_____

| | |
|---|---|
| GEORGE LEE § | |
| Plaintiff § | |
| § | |
| v. § | ADV. NO. 24-1039 |
| § | |
| TEXAS REIT, LLC and § | |
| ALI CHOUDHRI § | |
| Defendants § | |

## MOTION TO DISMISS FOR LACK OF STANDING AND FAILURE TO STATE A CAUSE OF ACTION

COMES NOW Texas Reit, LLC, Defendant, and files this Motion to Dismiss for Lack of Standing and Failure to State a Cause of Action and would show as follows:

1. On July 10, 2024, George Lee filed an Adversary Complaint against the Debtor and Ali Choudhri. The Complaint seeks a determination that Texas REIT, LLC is liable for a judgment against Ali Choudhri because Texas REIT is alleged to be the alter ego of Choudhri. The Complaint should be dismissed for three reasons:

   a. The Plaintiff lacks standing to assert alter ego claims;

   b. The Complaint seeks to assert an untimely proof of claim without asserting cause under Fed.R.Bankr.P. 9006; and

   c. The Complaint fails to allege sufficient facts to state a cause of action.

2. It is essential that a party have standing to pursue a cause of action. *Meridian Capital CIS Fund v. Burton (In re Buccaneer Res., LLC),* 912 F.3d 291 (5th Cir.2019). Only the Trustee or Debtor-in-Possession may pursue a cause of action which belongs to the estate.

1

Claims to pierce the corporate veil are property of the estate. *In re SI Acquisition, Inc.,* 817 F.2d 1142 (5th Cir. 1987). The same rule applies to reverse veil-piercing claims. *Cadle Co. v. Mims (In re Moore),* 608 F.3d 253 (5th Cir. 2010). In this case, Lee seeks to hold Texas REIT, LLC liable for the debts of Choudhri. Because the bankruptcy estate is the owner of this claim, Mr. Lee lacks standing to pursue the claim and it should be dismissed.

3. Under Fed.R.Civ.P. 12(b)(6), a suit may be dismissed for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) is made applicable to adversary proceedings by Fed.R.Bankr.P. 7012.

4. The Supreme Court has defined the standard for stating a claim upon which relief may be granted.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2005).

5. As an initial matter, the sole method for a creditor of an individual to reach that individual's interest in a limited liability company is a charging order. Tex. Bus. Org. Code §101.112(d). As a creditor of Mr. Choudhri, Mr. Lee's remedy was to request a charging order that any distributions from Texas REIT, LLC be paid to Mr. Lee.

6.     The legal standard for piercing the corporate veil is that "the holder, beneficial owner, subscriber, or affiliate caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee primarily for the direct personal benefit of the holder, beneficial owner, subscriber, or affiliate." Tex. Bus. Org. Code §21.223(b).

7.     Reverse piercing is where the assets of a corporate entity are held liable for the debts of the owner. *Zahra Spiritual Trust v. United States,* 910 F.2d 240 (5th Cir. 1990). "(A) reverse piercing case requires the creditor to establish an alter ego relationship between the individual debt and corporation in order to treat them as one and the same." Id. at 244.

8.     The factual allegations of the complaint are contained in paragraphs 9-14, 17, 20 and 22. These paragraphs allege that:

- George Lee obtained a judgment against Ali Choudhri on January 31, 2024 and that the judgment became final on May 15, 2024;
- Texas REIT, LLC acquired its real property on June 3, 2008, that the property was foreclosed upon in 2018 and that the foreclosure was canceled in 2020;
- That Choudhri is the sole person to control the Debtor; and
- That Choudhri was the registered agent for several different entities.

9.     These allegations completely fail to state a cause of action. Instead, they show that Texas REIT acquired real property sixteen years prior to the George Lee judgment and that the foreclosure and recission of foreclosure occurred six years and four years before the judgment. There is no nexus between the property owned by Texas REIT, LLC and George Lee. Likewise, there is no allegation that Choudhri acquired property in the name of Texas REIT, LLC or transferred property to Texas REIT, LLC for the purpose of evading liability to George Lee. Since all of the transactions involving Texas REIT occurred years prior to the Lee judgment, this cannot be shown. The only connection between the Lee judgment and Texas REIT alleged is that Texas

REIT filed bankruptcy shortly after George Lee obtained a judgment. However, as the court is aware, Texas REIT, LLC filed bankruptcy to prevent a foreclosure by WCW.

10. An additional reason for dismissing the adversary proceeding is that George Lee seeks to establish a claim against the bankruptcy estate after the deadline for filing claims had expired. The Court may take judicial notice that the deadline for filing claims in this case was June 4, 2024. George Lee filed this adversary proceeding on July 10, 2024. As a result, it is an untimely attempt to file a claim in this case and should be denied.

WHEREFORE, PREMISES CONSIDERED, Defendant Texas REIT, LLC prays that this case be dismissed and for such other relief, at law and in equity to which it may be entitled.

BARRON & NEWBURGER, P.C.

Dated: August 8, 2024

/s/Stephen W. Sather
STEPHEN W. SATHER
TEXAS BAR NO.: 17657520
7320 N. MOPAC EXPRESSWAY, # 400
AUSTIN, TX 78701
Email: ssather@bn-lawyers.com
PH 512-649-3243

**Certificate of Service**

By my signature below, I certify that this motion was served by CM/ECF to the following on this the 8th day of August 2024:

Thane Tyler Sponsel, III
Sponsel Miller Greenberg PLLC
50 Briar Hollow Lane
Suite 370 W
Houston, TX 77027

/s/Stephen W. Sather
Stephen W. Sather