IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | CASE NO. 24-10120-smr | |
| TEXAS REIT LLC § | | |
| § | CHAPTER 11 | |
| DEBTOR § | | |
| § | | |
| § | | |
| GEORGE LEE, § | | |
| *Plaintiff* § | ADVERSARY PROC. | |
| § | | |
| vs. § | | |
| § | NO. 24-1039 | |
| TEXAS REIT LLC and § | | |
| ALI CHOUDHRI § | | |
| *Defendants*. § | | |

## RESPONSE TO MOTION TO EXPUNGE LIS PENDENS

George M. Lee ("Plaintiff" or "Lee") comes before this Court and hereby files this Response (the "Response") to the Motion to Expunge Notice of Lis Pendens (the "Motion to Expunge") filed by Texas REIT LLC ("Debtor"), and in support thereof would show unto the Court as follows:

### I.    Factual Background

1. Lee is a judgment creditor of Ali Choudhri ("Choudhri") pursuant to a January 31, 2024, judgment in 152nd Judicial District Court of Harris County, Texas in the amount of $6,724,402.62, as well as $143,057.49 in attorneys' fees and post-judgment interest of 8.5% (the "Judgment").[1] Choudhri has claimed that he is the sole member of and owns 100% of the Debtor.[2]

---

[1] A copy of the January 31, 2024 Judgment is attached hereto as Exhibit A.
[2] ECF No. 28, p. 41.

1

2. On July 3, 2024, Lee filed Adversary No. 24-01039-smr (the "Adversary Matter").[3]

3. Debtor currently holds two pieces of real property of note for the purposes of the present motion, the real properties located at 8050 Westheimer and 8098 Westheimer (the "Westheimer Properties").[4] As per the most recent applications for sale of real property, the Westheimer Properties are currently valued at over $13,000,000.00.[5]

4. Shortly thereafter, on July 11, 2024, Lee filed a Notice of Lis Pendens (the "Notice of Lis Pendens") in the Real Property Records of Harris County, Texas. A copy of the Notice of Lis Pendens is attached hereto as Exhibit B.

5. On December 10, 2024, Debtor filed a Motion to Expunge Notice of Lis Pendens, requesting that the Court expunge the Notice of Lis Pendens on the grounds that "the suit does not involve title to real property."[6]

## II. Standard of Review

6. The lis pendens was created by the Texas legislature to warn all parsons that certain property is the subject matter of litigation, and that any interests during the pendency of that suit are subject to its outcome. LIS PENDENS, Black's Law Dictionary (11th ed. 2019). Essentially the purpose of a lis pendens is to let a potential purchaser know that the right and title to real property is currently under adjudication and may be effected or changed based upon the judicial outcome. *Nguyen v. Fed. Nat'l Mortg. Ass'n*, No. CV H-15-1958, 2015 WL 8207525, at *4 (S.D. Tex. Dec. 8, 2015) ("[A] properly filed notice of lis pendens prevents a purchaser for value from acquiring property free and clear of encumbrances reference in the lis pendens.")

---

[3] ECF No. 1, Adversary No. 24-01039-smr in the United States Bankruptcy Court for the Western District of Texas, Austin Division.
[4] ECF No. 28, p. 7, in Case No 24-10120-smr, *in re Texas REIT*, pending in the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "REIT Bankruptcy Matter").
[5] ECF Nos. 110 and 164 in the REIT Bankruptcy Matter.
[6] ECF No. 16, ¶9.

7. Texas law provides for two methods to remove a lis pendens: (1) cancellation under Tex. Prop. Code § 12.008; and (2) expungement under Tex. Prop. Code § 12.0071.

8. Texas Property Code § 12.008(a) provides that a lis pendens may be cancelled "if the court determines that the party seeking affirmative relief can be adequately protected by the deposit of money into the court…" Tex. Prop. Code § 12.008(a). In such a case, the court may order the cancellation when "the party seeking the cancellation pays into the court an amount equal to the total of: (1) the judgment sought; (3) the interest the court considers likely to accrue during the proceeding; and (3) costs." Tex. Prop. Code § 12.008(b)(1)-(3).

9. Expungement, in contrast, allows for a party to move for the removal of a lis pendens on the basis that:

> (1) the pleading on which the notice is based does not contain a real property claim;
>
> (2) the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim; or
>
> (3) the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy under Section 12.007(d).

Tex. Prop. Code § 12.0071(c).

### III.  Argument and Authorities

10. Lee's claims assert an independent cause of action to enforce a January, 31, 2024 judgment against Debtor for $6,724,402.62, as well as $143,057.49 in attorneys' fees and post-judgment interest of 8.5% (the "Judgment") on the grounds that the Debtor is merely an alter ego of Choudhri.[7] An action to enforce a judgment based upon alter ego theory "does not require relitigation of [the underlying] claim." *Am Star Energy & Minerals Corp. v. Stowers*, 457 S.W.3d 427, 434 (Tex. 2015). Rather, the only issues to be determined in such an action are "(1) whether

3

an underlying judgment exists; and (2) whether the corporate entity should be disregarded and the individuals held liable." *Id*.

11. Lee has filed an Abstract of Judgment against Choudhri in the real property records of Harris County, Texas, identified as Document No. RP-2024-218937 (the "Abstract of Judgment"). A copy of the Abstract of Judgment is attached hereto as Exhibit C. The filing and recording of an abstract of judgment creates a judgment lien as to a judgment debtor's real property. Won v. Fernandez, 324 S.W.3d 833, 834–35 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Should Lee be successful in his assertion that the Debtor is the alter ego of Choudhri, he would therefore be entitled to an interest in the Westheimer Property by virtue of the Abstract of Judgment. *Id.*

12. Therefore, the right to the title of the Westheimer Property could be affected depending upon the final outcome of the Adversary Proceeding, entitling Lee to an interest in said property. Under the plain language of the statute, this is sufficient to constitute a real property claim for the purposes of overcoming a motion to expunge lis pendens. TEX. PROP. CODE § 12.0071(c). As Debtor has not attempted to challenge the validity of Lee's underlying claims, he need not demonstrate anything more than this to prevail on a motion to expunge.

13. In the alternate, the Debtor has asserted that the Notice of Lis Pendens was filed in violation of the automatic stay.[8] However, the automatic stay "does not operate against the court with jurisdiction over the bankruptcy." *In re Sammon*, 253 B.R. 672, 681 (Bankr.D.S.C.2000). In other words, the automatic stay "does not bar a party from commencing a proceeding against the debtor in the Court where the bankruptcy petition is pending." *Id.* at 680-81.

---

[8] ECF No. 16, ¶10.

14. Therefore, the filing of the present adversary proceeding, as an action filed in the court where the Texas REIT bankruptcy is pending, does not violate the automatic stay.

### Prayer

Therefore, for the forgoing reasons, Plaintiff prays that this Court: (i) deny Debtor's Motion to Expunge; and (ii) award Lee any other relief to which he may be entitled to at law or in equity.

Respectfully submitted,

**SPONSEL MILLER GREENBERG PLLC**

*/s/ Zachary A. Clark*
Thane Tyler Sponsel III (TBN: 24056361)
Zachary A. Clark (TBN: 24097502)
50 Briar Hollow Lane, Suite 370 West
Houston, Texas 77027
(713) 892-5400 Telephone
(713) 892-5401 Facsimile
sponsel@smglawgroup.com
zachary.clark@smglawgroup.com

**ATTORNEYS FOR GEORGE M. LEE**

**CERTIFICATE OF SERVICE**

   I hereby certify that on December 30, 2024, I electronically filed the above and foregoing *Response To Motion To Expunge Lis Pendens* to the following by and through the CM/ECF System:

Stephen W. Sather
Texas Bar No. 17657520
7320 N. MoPac Expressway, #400
Austin, Texas 78701
Email: ssather@bn-lawyers.com

AND

Via First Class Mail on December 30, 2024:
Ali Choudhri
2425 West Loop Street, 11th Floor
Houston, Texas 77027

                */s/ Zachary A. Clark*
                Zachary A. Clark